IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM WHITE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-736 |
| | § | |
| JEFFERSON COUNTY DRAINAGE | § | |
| DISTRICT 6, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

This case arises out of alleged First Amendment violations by Defendants. Now before the Court comes Defendants' Motion to Transfer to the Beaumont Division of the Eastern District of Texas. For the reasons stated below, Defendants' Motion is **GRANTED**, and this case is **TRANSFERRED** to the Beaumont Division of the Eastern District of Texas.[1]

**I. Background**

This case arises out of a dispute over the development of a large scale civil works project designed to alleviate flooding problems in the Taylor Bayou Watershed located in Jefferson County. Defendants are the entities developing the plan, and Plaintiffs are individuals who oppose the plan on the grounds that it could lead to future flooding of their property. On October 6, 2006, Defendants in this case filed a case in the 136th Judicial District Court in Jefferson County against the named Plaintiffs in this case. That case alleges that Plaintiffs are tortiously interfering with the drainage project. In

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

response, Plaintiffs filed this action alleging that the state court action is a violation of Plaintiffs' First Amendment rights. Defendants have moved to transfer this case to Beaumont pursuant to 28 U.S.C. § 1404(a).

## II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

## III. Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825).

Of the 21 named defendants, 20 of them reside in Jefferson County, one of the counties within the Beaumont Division's territory. The remaining defendant lives in Chambers County. Although Chambers County is within the territory of this Division, that defendant resides one mile from the border of Jefferson County and within 30 miles of Beaumont. Plaintiffs also reside in Chambers County, though they all live much closer to the Beaumont courthouse than to this one.

Defendants cite many party and non-party witnesses who all reside closer to Beaumont than to here. These witnesses include representatives of the drainage districts, engineers working on the project, and other individuals familiar with the project. Plaintiffs respond that these witnesses are not relevant in the instant suit, which involves First Amendment violations. Rather, they list an employee of the Texas Commission on Environmental Quality who resides in Austin and a representative from the U.S. Army Corps of Engineers who resides in Galveston. Plaintiffs argue that these are the only two witnesses with testimony relevant to the allegedConstitutional violations since it is those individuals who have received the complaints lodged by Plaintiffs.

Based on the Court's consideration of the filings, it finds that some but not all of Defendants' witnesses will be necessary to this trial. Since those witnesses and the Parties all live closer to Beaumont, and there is only one fact witness in this Division, the Court finds that the key witnesses in this case will find Beaumont more convenient than Galveston, and this factor weighs in favor of transfer.

### B. *Location of Books and Records*

While there is an argument from Defendants that the paperwork concerning the development of the project is all located in the Western District of Texas, it has not indicated that the records are so voluminous that reproduction and transportation to Galveston would be a great inconvenience. This factor does not support transfer.

### C. *Cost of Obtaining Witnesses and Other Trial Expenses*

This Courthouse is relatively close Beaumont. While a trial anywhere is accompanied by expense, there is no indication that a trial here will be substantially more expensive than one in Beaumont. The Court finds that this factor does not weigh in favor of transfer.

### D. *Place of the Alleged Wrong*

The act forming the basis of this lawsuit is the filing of another lawsuit in Jefferson County. Additionally, the project which is the genesis of the dispute among the Parties is located in Jefferson County. The Court acknowledges that some portion of Plaintiffs' land is located in Chambers County. However, that land is geographically closer to Beaumont than it is to Galveston. This case truly involves a local dispute that should be heard by local citizens in a local forum. Galveston is not that locale. The citizens of Jefferson County have a much greater interest in protecting the rights of their

4

landowners and political subdivisions, and it should be tried by the members of that community. This factor weighs strongly in favor of transfer.

*E. Possibility of Delay*

This case is not set for trial until October of this year. A transfer would inevitably lead to some delay, but the delay is not so substantial as to demand retention. This factor does not weigh for or against transfer.

*F. Plaintiff's Choice of Forum*

Plaintiffs' choice of forum is generally entitled to great deference. Even though they live much closer to the Beaumont courthouse, these Plaintiffs are indeed residents of this District and Division. However, this is one of a very limited number of cases that is so intertwined with another locale as to overcome Plaintiffs' choice of forum.

## IV. Conclusion

Since this case is so intertwined with the Eastern District of Texas, and convenience of most of the affected parties will be enhanced by transfer, Defendants' Motion to Transfer Venue is **GRANTED**. This case is **TRANSFERRED** to the Beaumont Division of the Eastern District of Texas. Any Motions that remain pending are left to the discretion of the transferee Court. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 20th day of March, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge